CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 19 2010

JULIA C. DUDLEY, CLERK
BY: /s/
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL D. DAROCHA, | ) |
| Plaintiff, | ) Civil Action No. 7:10CV00366 |
| v. | ) **MEMORANDUM OPINION** |
| DEPARTMENT OF VETERANS AFFAIRS, | ) By: Hon. Glen E. Conrad<br>) Chief United States District Judge |
| Defendant. | ) |

The plaintiff, Michael D. Darocha, proceeding pro se, filed this action against the Department of Veterans Affairs ("VA") on August 17, 2010. The court granted the plaintiff's contemporaneously filed motion to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). After reviewing the complaint filed in this matter, however, the court believes that the action must be dismissed for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## Background

In his one-page complaint, the plaintiff claims that the VA improperly reduced his disability benefits by $58.50 per month as a result of his incarceration. The plaintiff contends that he was only incarcerated for 44 days, and that "[t]he law states that you have to be incarcerated for 60 days before a deduction is legal." On the civil cover sheet accompanying the complaint, the plaintiff requests $468.00 and again notes that his "disability checks are $58.50 short per month."

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-657 (4th Cir. 2006). Specifically, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

Additionally, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Engineering, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

## Discussion

Having reviewed the plaintiff's complaint, the court concludes that it must be dismissed for lack of subject matter jurisdiction. The complaint seeks to challenge the VA's decision to reduce the plaintiff's monthly disability benefits. It is well-established that district courts are prohibited from asserting jurisdiction over such claims by 38 U.S.C. § 511, which provides as follows:

> (a) The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

>   (b) The second sentence of subsection (a) does not apply to--
>       (1) matters subject to section 502 of this title;
>       (2) matters covered by sections 1975 and 1984 of this title;
>       (3) matters arising under chapter 37 of this title; and
>       (4) matters covered by chapter 72 of this title.

38 U.S.C. § 511.

Section 511 was enacted as part of the Veterans' Judicial Review Act, Pub. L. No. 100-687, 101 Stat. 4105 (1988), which established a multi-tiered framework for the adjudication of claims involving veterans' benefits. Beamon v. Brown, 125 F.3d 965, 967 (6th Cir. 1997). "Both the text of the statute and [the Act's] extensive legislative history express Congressional intent to construct an exclusive source of review for veterans benefits claims." Id. at 970. "[U]nder the statutory scheme, judicial review of a particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits may be had only by appealing to the Board [of Veterans' Appeals], then to the Court of Veterans Appeals, the Federal Circuit Court of Appeals and the Supreme Court." Hall v. U.S. Dep't Veterans' Affairs, 85 F.3d 532, 534 (11th Cir. 1996). Federal district courts are expressly excluded from the statutory framework and, thus, have no jurisdiction to review the denial or modification of benefits by the VA. See Zuspann v. Brown, 60 F.3d 1156, 1158 (5th Cir. 1998) (holding that § 511 precludes district courts from reviewing veterans' benefits determinations); Marsh v. Dep't of Veterans Affairs, 921 F. Supp. 360, 362 (N.D. W. Va. 1995) (emphasizing that district courts "lack subject matter jurisdiction to review decisions concerning a veteran's entitlement to benefits").

## Conclusion

Inasmuch as the plaintiff is seeking review of the VA's decision to reduce his monthly benefits, 38 U.S.C. § 511(a) precludes this court from exercising subject matter jurisdiction over the plaintiff's claim. Accordingly, the court concludes that the complaint must be dismissed for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 18th day of August, 2010.

*[signature: Glen Conrad]*
Chief United States District Judge